**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

CHARLES TERRY,

                Petitioner,

v.                                   CIVIL ACTION NO.   2:24-cv-00735

SUPERINTENDENT JONATHAN FRAME,

                Respondent.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Omar J. Aboulhosn for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636. On December 2, 2025, Judge Aboulhosn submitted his Proposed Findings & Recommendation ("PF&R"), [ECF No. 19], recommending that the court **GRANT** the Respondent's Motion for Summary Judgment and **REMOVE** the matter from the court's docket. The Petitioner filed Objections to the PF&R on December 16, 2025, [ECF No. 22], and the Respondent responded to those objections on January 6, 2026, [ECF No. 25].

In a 41-page PF&R, Magistrate Judge Aboulhosn thoroughly detailed the procedural history of this case. [ECF No. 19]. Petitioner Charles Terry was convicted on thirty-nine counts of various sex crimes under West Virginia state law in December 2015. *Id.* at 2. Petitioner's counsel at the time filed an appeal in the Supreme Court of Appeals of West Virginia ("SCAWV") asserting many errors including ineffective assistance of counsel. *Id.* at 2–4. The state supreme court affirmed his convictions. *Id.* at 4; *State v. Charles T.*, 2018 WL 5794870, at *9 (W. Va. Nov. 5, 2018).

1

In November 2019, Petitioner filed his first state habeas petition asserting numerous errors including ineffective assistance of counsel for (1) failure to challenge the state's expert under the *Daubert* standard[1] and (2) failure to present expert testimony during the Petitioner's case-in-chief. [ECF No. 19, 4–5]. The Circuit Court of Fayette County held a hearing on the petition, hearing from both the Petitioner and his trial counsel at the relevant time. The court denied Petitioner's petition, Petitioner appealed, and the SCAWV affirmed the circuit court's decision. *Id.* at 6.

Petitioner filed a second habeas petition in December 2022 asserting similar errors. *Id.* at 6. The circuit court denied his petition, Petitioner appealed, and the SCAWV denied his appeal. *Id.* at 7.

Petitioner's federal 2254 habeas petition is now before the court. He alleges that the failure of his trial counsel to attempt to exclude testimony of the State's expert witness under *Daubert* (or present testimony of his own expert) amounted to ineffective assistance of counsel. *Id.* at 8; [ECF No. 11, at 5] (asserting only one ground of error in his petition). Soon after, Respondent moved for summary judgment with nearly 700 pages of exhibits. [ECF Nos. 13, 14].

After a careful analysis the Magistrate Judge found that the state courts' habeas determinations were not "contrary to, or an unreasonable application of, clearly established federal law; or based on an unreasonable determination of facts." [ECF No. 19, at 34]. First, he found that the state courts' application of *Strickland* was not unreasonable because the State's expert was "well qualified to present the expert testimony and such testimony was relevant, reliable, and admissible." *Id.* at 36. Additionally, the testimony Petitioner sought to exclude in his petition accounted for a small portion of the expert's testimony, which was more generally a "medical opinion regarding all of her clinical observations of the victim's vaginal trauma." *Id.* Therefore,

---

[1] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

the Petitioner could not show that he was prejudiced by his trial counsel's failure to attempt to exclude the expert's testimony. *Id.* Second, the Magistrate Judge found that the state courts' application of *Strickland* was not unreasonable regarding Petitioner's trial counsel's failure to hire his own witness. *Id.* at 39–40. Petitioner failed to identify an expert or specific testimony that would have been more beneficial to his defense, and Petitioner's trial counsel testified that he rebutted the State's expert through cross-examination. *Id.* at 38. The state court agreed, calling the cross-examination "effective" and finding that a defense expert could not have significantly benefited the defense. *Id.* Therefore, the Petitioner could not show that the failure of his trial counsel to retain an expert amounted to ineffective assistance of counsel. *Id.*

In response to the PF&R, Petitioner makes three general and broad objections:

1.  The Petitioner objects to the determination declining to find "that the State courts unreasonably applied Strickland to the facts of this case in finding that trial counsel did not act unreasonably by failing to seek the exclusion of Dr. Phillips as an expert witness." (ECF 19, at 35).
2.  The Petitioner objects to the determination declining to find "that the State court's application of the Strickland standard was unreasonable concerning trial counsel's failure to seek the exclusion of Dr. Phillips' testimony." (ECF 19, at 37).
3.  The Petitioner objects to the determination declining to find "the State court's application of the Strickland standard was unreasonable concerning to trial counsel's alleged failure to retain an expert witness." (ECF 19, at 40).

[ECF No. 22, at 1].

Petitioner does not offer specific factual or legal disagreements with the PF&R. Nor does Petitioner assert any specific error within the Magistrate Judge's analysis, he only quotes the PF&R. Lastly, the Petitioner—with a record of almost 1,000 pages—fails to direct the district court to any evidence or fact to review. In sum, the Petitioner's three broad objections cover the major issues of his petition such that his three objections are really a single objection to the *entire* PF&R. This is the kind of objection to a PF&R that a district court need not review *de novo*. *But see*

*Opriano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (holding that a *de novo* review was required because a party "specifically challenged the magistrate's proposed factual findings").

Instead, a district court "shall make a de novo determination of those *portions* of the report or *specified* proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); *see* Fed. R. Civ. P. 72(b)(3). Failure to file *specific* objections pursuant to 28 U.S.C. § 636(b)(1)(C) "constitutes a waiver of the right to de novo review." *McPherson v. Astrue*, 605 F. Supp. 2d 744, 749 (S.D. W. Va. 2009); *see United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal . . ., a party must object . . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."). General objections do not meet the requirements set forth in 28 U.S.C. § 636(b)(1)(C) or Rule 72(b), and, therefore, constitute waiver. *See Merritt v. Cochran-Youell,* 269 Fed. Appx. 268, 269 (4th Cir. 2008) (unpublished); *Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D.N.C. 1997).

Petitioner's objections are general and conclusory. None direct the district court to a source of error in the Magistrate Judge's factual findings or legal conclusions. Therefore, the Petitioner has waived *de novo* review, and the objections are **OVERRULED**.

The court adopts and incorporates herein the PF&R and orders judgment consistent therewith. The court **GRANTS** the Respondent's Motion for Summary Judgment, [ECF No. 19], and **REMOVES** the matter from the court's docket.

The court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is

4

debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller–El v. Cockrell,* 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683–84 (4th Cir.2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:          January 16, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE