**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

CHARLES TERRY,

Petitioner,

v. CIVIL ACTION NO. 2:24-cv-00735

SUPERINTENDENT JONATHAN FRAME,

Respondent.

# ORDER

On January 16, 2026, this court adopted the proposed findings and recommendations ("PF&R") of Magistrate Judge Omar J. Aboulhosn. [ECF No. 26]. The court granted Respondent's Motion for Summary Judgment, dismissed the case, and denied a certificate of appealability. *Id.* Petitioner filed his notice of appeal on February 2, 2026, [ECF No. 29], and an appeal case was opened the next day.

One week later, on February 9, 2026, Petitioner filed a Letter-Form Motion for a Certificate of Appealability, [ECF No. 34]. On February 10, 2026, Petitioner filed a Motion to Alter or Amend the court's judgment in granting Respondent's Motion for Summary Judgment and dismissing the case. [ECF No. 35]. In his motion, Petitioner asserts that this court wrongly accepted the Magistrate Judge's PF&R for a number of reasons thoroughly considered and rejected by the PF&R. *Id.*

On July 28, 2026, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed his appeal. [ECF Nos. 37–39]. On September 30, 2026, the court denied without prejudice Petitioner's motion to alter or amend the judgment because it lacked jurisdiction as the

mandate had not been filed by the Fourth Circuit. [ECF No. 42]. On October 7, 2026, the Fourth Circuit issued the Mandate, [ECF No. 43], and this court regained jurisdiction.

Pending before the court now is Petitioner's resubmitted Motion to Alter or Amend the court's judgment. [ECF No. 44]. Petitioner's Motion to Amend or Alter Judgment under Federal Rules of Civil Procedure 59(e) and 52(b), **[ECF No. 44]**, is **DENIED**. Petitioner disagrees with the PF&R and attempts to relitigate his original habeas case. [ECF No. 44]. This falls short of the Rule 52(b) standard which is

> meant to "is to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence." *See Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986). It is not an invitation "to rehash old arguments already considered and rejected by the trial court." *See Nat'l Metal Finishing Co. v. BarclaysAmerican/Comm., Inc.*, 899 F.2d 119, 123 (1st Cir. 1990). Nor does it allow a party "to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." *See Fontenot*, 791 F.2d at 1219.

*Chavez-Deremer v. Medical Staffing of America, LLC*, 147 F.4th 371, 414 (4th Cir. 2025). Petitioner identifies no error of law or fact, nor does he offer newly discovered evidence about his habeas case. Petitioner's motion further fails as he had multiple opportunities to object over, explain, and argue the merits of his petition. *See* [ECF No. 11] (Amended Petition); [ECF No. 17] (Petitioner's response to Respondent's Motion for Summary Judgment); [ECF No. 22] (objections to PF&R).

For these reasons, Petitioner's Motion, **[ECF No. 44]**, is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 26, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE